UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05-CV-836-R

LOCAL UNION 369, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS, AFL-CIO,                                                                                    PLAINTIFF

v.

THE COURIER JOURNAL, INC.,                                                                      DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss for Mootness (Docket #16), the Plaintiff's claim for injunctive relief. The Plaintiff, the Local Union 269, International Brotherhood of Electrical Workers, AFL-CIO ("the Union") has responded to the Defendant's motion (Docket #17), and the Courier-Journal, Inc. ("Courier-Journal") has replied to that response (Docket #21). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss (Docket #16) is **GRANTED**, only as to the Plaintiff's request for injunctive relief.

## BACKGROUND

The Union represents a unit of electricians working in the maintenance department of The Courier-Journal. The Union and the Courier-Journal have executed a series of collective bargaining agreements ("CBA"), including the most recent one in March of 2003, to govern the relationship between the company and its employees in the maintenance department. The present dispute concerns the Defendant's decision, in September of 2004, to "allow[] a bargaining unit employee to continue to work without satisfying financial core obligations," which the Union argues is in violation of the CBA. Specifically, the Union seeks to have the Court read into the disputed CBA a so-called "Union Security Provision," which conditions

employment on either (a) membership in and payment of dues to the Union, or (b) non-membership with payment of an equivalent amount.[1]  Defendants have moved to dismiss the Union's claim for injunctive relief, contending that the claim is moot because the employee whose employment the Union claims violates the CBA, David Wright, is longer employed by the company, and because the CBA expired this past February 25, 2007.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

If events subsequent to the filing of a case resolve that particular dispute, the case should

---

[1]Over the years, the union security provisions have varied between the electricians and machinists, and have changed over time as well, but the main import has been to more or less require union membership as a condition of employment.

be dismissed as moot. *United States Parole Commn. v. Geraghty*, 445 U.S. 388, 397 (1980). Mootness issues can be addressed by a federal court on its own, *sua sponte*, at any stage of the proceedings. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

## DISCUSSION

In its complaint, the Plaintiff seeks three (3) forms of relief. This motion filed by the Courier-Journal only addresses the Plaintiff's request for "[t]emporary and permanent injunctive relief restraining and enjoining the Defendant from further conduct in violation of the *existing* collective bargaining agreement by allowing a non-member *employee* to be employed in the bargaining unit" (emphasis added).

A request for injunctive relief becomes moot when the acts sought to be enjoined have occurred or are over. *Bowman v. Corrections Corp. of America*, 267 F.3d 477, 550 (6th Cir.2003) (holding that an action for injunction is moot where it "has no impact on [the plaintiff's] legal interests"); *Sierra Club v. U.S. Dept. of Agriculture Rural Utilities Service*, 234 F.3d 1269, *3 (6th Cir. Nov. 2, 2000); *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1029 (6th Cir.1995) (holding that for a past violation to be subject to injunctive relief, the plaintiff must show that " 'there was a reasonable expectation that the same complaining party would be subject to the same action again.'") (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *City of Romulus v. County of Wayne*, 634 F.2d 347, 348 (6th Cir.1980) ("The activities which plaintiffs seek to enjoin are over, and we are not in a position to prevent what has already occurred."); *see also Newspaper Guild of Salem, Local 105 of Newspaper Guild v. Ottaway Newspapers, Inc.*, 79 F.3d 1273, 1277-78 (1st Cir. 1996).

Here, the Defendant contends that the claim for injunctive relief is moot because David

Wright, the employee whose employment the Union claims violates the CBA, ceased working for the Courier-Journal in October 2006, and because the CBA has expired. The Plaintiff seeks injunctive relief against the Defendant from further conduct in violation of the *existing* collective bargaining agreement; however, the CBA expired on February 25, 2007, and to the knowledge of the Court has not been renegotiated. As such, the Court cannot enjoin the Defendant from violating an agreement that no longer exists. *See City of Romulus*, 634 F.2d at 348. Accordingly, for this reason only, the Court finds that the request for injunctive relief by the Plaintiff is moot, and therefore, is dismissed as a matter of law.[2]

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendant's Motion to Dismiss the Plaintiff's claim for injunctive relief is **GRANTED**.

---

[2] As the Court has determined that the Plaintiff's claim for injunctive relief is moot because of the expiration of the collective bargaining agreement, the Court shall not address the Defendant's other argument that the claim for injunctive relief is moot because David Wright is no longer employed by the Courier-Journal.